BASSETT, C. J. (*Absente* JOHNS) The Court have thought of this business and consider from former cases that the doctrine in Espinasse as laid down then and admitted by Lord Kenyon is not as yet discovered by us in any books that I have seen. The rule is that the hand of a witness may be proved, if the witness is proved to be dead or beyond sea, or is not to be found after strict inquiry. The case in Espinasse extends to deeds or bonds but does not extend to every other case. We think ourselves bound to say the instrument offered is not evidence, it not being under the hand and seal of the party.

An exception would have been taken but the plaintiff agreed it might be given in evidence, and it was read.

Verdict for plaintiff against Thompson and Ware, damages £400.

Motion for new trial.

*Peery* urged new trials matter of sound discretion etc., [1] Dall. 234, 1 Burr. 293, 1 Bl.R. 464, 1 Bl.Comm. 390. Then the damages were excessive, 2 Bl.R. 942, 1327, 5 Bac.Abr. 249, 2 Morg.Ess. 290. The jury was partial, Cowp. 231. New light may be had, 1 Bl.R. 418.

*Bayard, contra.* Want of preparation no ground for new trial, 3 Morg.Ess. 84, 86—88, 93. New trials not to be granted in cases of torts, 2 Morg.Ess. 241, 255, 256.

*Miller* in reply. There must be new trials even in personal torts, 2 Morg.Ess. 258.

The Court were divided (*Absente* JOHNS). *Curia advisare vult.*

November Term, 1796. On a second argument by *Miller* for defendant, *Ridgely* for plaintiff, *coram* BASSETT, C. J., JOHNS and RODNEY, JJ.

PER CURIAM. We are not (that is, a majority of the Court) of opinion that a new trial ought to be granted in this cause.

[ANONYMOUS.]

Court of Common Pleas. April, 1796.

*Wilson's Red Book, 108.*

On going over the docket at the suit *Burton's Lessee v. Robinson* (April, 1796), the Court observed that wherever for the future a general defense is taken and no defense is taken particularly on the plot, only title shall be combatted and where possession is claimed unless laid down upon the plot, no evidence shall be given of it. *Vide George Adams v. William Williams et al.*

On going over continuance docket, PER CURIAM, defendant shall lay down his pretensions by marks on his plot in ejectments or he shall not give evidence of his pretensions; leave to ascertain defense does not mean at the trial but on the plot.

*N. B.* This practice (on objection of some of the bar) is not to affect any business brought before this term.

*Bayard* told the Court that he gave them notice then, that he would dispute the propriety and legality of such intended rule (for the Court said they would reduce it to writing) when an opportunity offered.

### STATE v. LAZARUS TURNER.

Supreme Court. March 16, 1796.

*Wilson's Red Book, 109.**

*Bayard* and *Ridgely* for plaintiff. *Peery, Miller* and *Wilson* for defendant.

Charles Robinson challenged as a juror and proved by a witness to be a cousin to prosecutor. 3 Bac.Abr. 259, a challenge al-

---

* This case is also reported in *Bayard's Notebook, 131.*